Harry N. Copp and Minnie M. Copp v. Commissioner.
Copp v. Commissioner
Docket No. 7377.
United States Tax Court
1947 Tax Ct. Memo LEXIS 303; 6 T.C.M. (CCH) 155; T.C.M. (RIA) 47043; February 19, 1947
*303 Clyde L. Fulton, Esq., and Wilbur F. Campbell, Esq., 505 Murphy Bldg., Highland Park, Mich., for petitioners. Wesley A. Dierberger, Esq., for respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined a deficiency in petitioners' income tax liability for 1941 in the amount of $434.93. The deficiency results from respondent's disallowance of certain traveling expenses in the amount of $2,590. The question is whether petitioners are entitled to deduct the amount of $2,590 as traveling expenses under section 23 (a) (1) (A) of the Internal Revenue Code for 1941. The petitioners filed joint returns with the collector for Michigan at Detroit. The case was submitted on oral testimony and exhibits. Findings of Fact Petitioners are husband and wife, residing in Detroit, Michigan. For convenience the term petitioner will be used hereafter to designate the petitioner, Harry N. Copp. Petitioner is an industrial engineer. Prior to 1940 petitioner worked for various industrial and engineering concerns as a machine and tool designer. Early in 1940 petitioner was employed by Pioneer Engineering Manufacturing Company, hereinafter *304 referred to as Pioneer. Petitioner was employed by Pioneer to work in connection with a contract Pioneer had with Wright Aeronautical Company, hereinafter referred to as Wright. Pioneer's undertaking on this contract with Wright was to put Wright on a mass production basis in manufacturing ceroplane motors. Conversion to mass production methods seemed desirable in view of the then impending war. When petitioner was employed by Pioneer to work in connection with the Wright contract it was contemplated that petitioner would perform such work in Paterson, New Jersey, where some of Wright's motor plants were located. At the time petitioner was so employed by Pioneer the duration of petitioner's employment in Paterson was indeterminable. In February, 1940 petitioner moved to Paterson and commenced his work in connection with Pioneer's contract with Wright as Pioneer's employee. Petitioner's wife and minor son, who constituted his immediate family, remained in Detroit living in the residence petitioner owned there. Petitioner's son was attending school in Detroit in early 1940. Prior to September, 1940 petitioner lived in a hotel in Paterson. In September, 1940 petitioner's wife and son *305 came to Paterson and lived with him there in a residence petitioner had rented some 12 miles outside Paterson. Petitioner's son attended school in Paterson in the fall of 1940. The residence which petitioner owned in Detroit was leased by petitioner to another party. Petitioner's furniture was stored in the attic of his Detroit residence during such lease. Petitioner's work in connection with the Wright contract terminated in 1943 and in April of that year petitioner returned to Detroit with his family and moved back into his residence there. During the taxable year petitioner exercised his franchise rights in Detroit. Petitioner's work in Paterson in connection with the Wright contract consisted of coordinating the work being done there with the work being done by Pioneer in its principal office in Detroit. While working in Paterson petitioner was responsible to a Pioneer representative there. At least once a month petitioner was called to Detroit by Pioneer to report on the progress being made in Paterson and on other technical matters which could not readily be discussed by telephone or correspondence. On such trips petitioner would also be posted concerning the progress and plans *306 being made by Pioneer in the Detroit office and was thus able to keep the work in Paterson coordinated with developments in Detroit. In 1940 Wright had two plants in Paterson. By 1945 Wright had seven plants there. Petitioner who owned his own automobile was required in the performance of his duties to drive his car from plant to plant. Petitioner was compensated by Pioneer for his services in part on an hourly basis. In addition to this hourly rate of compensation, Pioneer paid petitioner by check certain additional amounts to cover certain expenses. Thus petitioner was paid by Pioneer $25 a week to cover automobile expenses. Petitioner was paid by Pioneer $60 a month as a rental allowance. For each trip from Paterson to Detroit and back which petitioner was required by Pioneer to make petitioner was paid $50. The rates of $25 a week, $60 a month, and $50 a trip relating, respectively, to automobile, rental and traveling expenses, had been established by Pioneer with Wright in connection with the contract between the two firms. Under this contract Wright reimbursed Pioneer in accordance with these rates as part of the cost of the engineering services furnished by Pioneer. Petitioner *307 was not required to keep any records of his actual expenses in these connections and did not do so. During 1940 petitioner received from Pioneer the total aggregate amount of $8,194.44. Of this amount $2,590 represented allowance on account of automobile, rental and traveling expenses, the remainder of the $8,194.44 constituting compensation at the hourly rate. Of the $2,590 in allowance $600 represented payments for trips from Paterson to Detroit and back, $1,300 represented automobile expense allowance and $690 represented rental expense allowance. Petitioners on their joint returns for 1941 reported as salaries and other compensation for personal services the amount of $8,194.44 and took as a deduction for expenses the amount of $2,590 which respondent has disallowed. Opinion The question is whether amounts spent by petitioner in 1941 for rent, automobile expenses and traveling from Paterson to Detroit and return are deductible as "traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of trade or business", within the meaning of section 23 (a) (1) (A). In our opinion, such amounts, with certain adjustments discussed *308 below, are so deductible with the exception of those amounts spent for rent. In our opinion, petitioner is not entitled to deduct the amount claimed by him on account of rent while in Paterson because such rent did not constitute "traveling expenses * * * in the pursuit of business." To paraphrase the penultimate paragraph of the Supreme Court's opinion in Commissioner v. Flowers, 326 U.S. 465, January 2, 1946, traveling expenses in pursuit of business within the meaning of section 23 (a) (1) (A) can arise only when the employer's business forces the employee taxpayer to travel and to live temporarily at some place other than taxpayer's post of duty thereby advancing the interests of the employer. We consider Paterson as petitioner's post of duty during the taxable year 1941 and, consequently, the rent he paid while there for himself and family can not be regarded as a traveling expense arising from being temporarily forced to travel from such post of duty. Petitioner was employed by Pioneer early in 1940 to work in connection with a specific contract and to perform such work in Paterson. The duration of this employment was then indeterminable but actually lasted for *309 more than three years. Petitioner moved to Paterson in February, 1940 and lived there in a hotel. In September, 1940 petitioner's wife and son joined him in Paterson and they rented a house there. Petitioner's son attended school in Paterson. Petitioner was responsible in connection with his work to a representative of Pioneer in Paterson. Petitioner had rented the house he owned in Detroit. Under these circumstances we conclude that by 1941 Paterson had become petitioner's post of duty. This conclusion is unaffected by the fact that petitioner may have exercised his franchise rights in Detroit or by the fact that Pioneer had its main office in Detroit. Concluding as we do that petitioner's post of duty in 1941 was Paterson, it follows under the rationale of the Flowers case, supra, and we so hold, that petitioner is not entitled to a deduction for rent paid while there during 1941. The amounts spent by petitioner traveling from his post of duty in Paterson to Detroit and return as ordered by Pioneer appear to us to clearly be traveling expenses in pursuit of business and as such deductible. Although petitioner kept no record of these trips, the uncontradicted testimony was that *310 petitioner made such trips at least once a month and we are satisfied that such round trips cost petitioner at least $50 each. We hold that petitioner is entitled to deduct $600 on account of such trips as claimed. Petitioner claimed as a deduction in 1941 the amount of $1300 representing the expense of operating an automobile. This automobile which petitioner owned was used in part by him in traveling from one Wright plant to another in the performance of his engineering duties. The amount of $1300 which is claimed by petitioner in this connection and which was allowed him by Pioneer is based on an estimate that petitioner drove 500 miles a week at a cost of five cents a mile. Petitioner kept no records with respect to his driving expenses. There is no evidence concerning the distance between the various Wright plants in Paterson nor the frequency with which petitioner was required to travel from one to another, nor has any attempt been made to segregate business and personal use of the car. On this state of the record we do not feel justified in allowing petitioner the full amount of $1300 claimed by him. We are satisfied, however, that petitioner did use his car extensively traveling *311 from one Wright plant to another on business. The expense of such use seems to us to clearly constitute an ordinary and necessary business expense deductible under 23 (a) (1) (A). Having carefully considered the pertinent evidence in this connection, we have concluded that $900 represents a reasonable allowance as a deduction with respect to petitioner's business use of his automobile and we so hold. Decision will be entered under Rule 50.